UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------x
STEVEN SCIORTINO,

                    Plaintiff,

    -against-

UNITED STATES OF AMERICA,
THOMAS CACCIARELLI, M.D.;

                    Defendants.
-----------------------------------------------------------x

**ANSWER ON BEHALF OF DEFENDANT UNITED STATES OF AMERICA**

23 CV 1869 (AJS)

Defendant United States of America, by and through its undersigned attorneys, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1. Admitted in part and denied in part. Defendant admits that Plaintiff is a veteran of the United States Navy, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "1" of the Complaint; the allegations are therefore denied.

2. Admits the allegations as set forth in paragraph "2" of the Complaint.

3. Admitted in part and denied in part. Defendant admits that the United States, by and through the Department of Veterans Affairs, maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. All allegations set forth in paragraph "3" not specifically admitted are denied.

4. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare System, and maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. All allegations set forth in paragraph "4" not specifically admitted are denied.

5. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare System, and maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. All allegations set forth in paragraph "5" not specifically admitted are denied.

6. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare System, and maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. All allegations set forth in paragraph "6" not specifically admitted are denied.

7. Admitted in part and denied in part. Defendant admits that at all times relevant to the Complaint, Thomas Cacciarelli was employed as a physician at the medical facility maintained by the Department of Veterans Affairs in Pittsburgh, Pennsylvania. All allegations set forth in paragraph "7" not specifically admitted are denied.

8. Denies the allegations as set forth in paragraph "8" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

9. Denies the allegations as set forth in paragraph "9" of the Complaint, except admits that at all times relevant to the Complaint, defendant Thomas Cacciarelli was employed as a physician at the medical facility maintained by the Department of Veterans Affairs in Pittsburgh, Pennsylvania.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "10" of the Complaint; the allegations are therefore denied. To the extent that paragraph "10" contains a statement of law rather than an averment of fact, no response is required.

11. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare system and, maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. Defendant further admits that the Pittsburgh facility provides healthcare, including primary care and certain specialty health services. All allegations set forth in paragraph "11" not specifically admitted are denied.

12. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare system and, maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. Defendant further admits that the Pittsburgh facility provides healthcare, including primary care and certain specialty health services. All allegations set forth in paragraph "12" not specifically admitted are denied.

13. Admitted in part and denied in part. Defendant admits that the Department of Veterans Affairs administers the VA Healthcare system and, maintains a Medical Center located at 4100 Allequippa Street, Pittsburgh, Pennsylvania 15240. Defendant further admits that the Pittsburgh facility provides healthcare, including primary care and certain specialty health services. All allegations set forth in paragraph "13" not specifically admitted are denied.

14. Admitted in part and denied in part. Defendant admits that at all times relevant to the Complaint, defendant Thomas Cacciarelli was employed as a physician at the medical facility maintained by the Department of Veterans Affairs in Pittsburgh, Pennsylvania. All allegations set forth in paragraph "14" not specifically admitted are denied.

15. Admitted in part and denied in part. Defendant admits that The Department of Veterans Affairs received an administrative claim submitted on behalf of Plaintiff on January 4, 2023. All allegations set forth in paragraph "15" not specifically admitted are denied.

16. Admitted in part and denied in part. Defendant admits that The Department of Veterans Affairs received an administrative claim submitted on behalf of Plaintiff on January 4, 2023. Defendant further admits that a letter acknowledging receipt of said claim was sent to Plaintiff on February 10, 2023. All allegations set forth in paragraph "16" not specifically admitted are denied.

17. Admitted in part and denied in part. Defendant admits that a final denial letter was issued on May 10, 2023. All allegations set forth in paragraph "17" not specifically admitted are denied.

18. Admitted in part and denied in part. Defendant admits that a final denial letter was issued on May 10, 2023, and that said letter stated that Plaintiff had six months to file the within lawsuit. All allegations set forth in paragraph "18" not specifically admitted are denied. To the extent that paragraph "18" contains a statement of law rather than an averment of fact, no response is required.

19. Denies the allegations as set forth in paragraph "19" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

20. Admitted in part and denied in part. Defendant admits that The Department of Veterans Affairs received an administrative claim submitted on behalf of Plaintiff on January 4, 2023. All allegations set forth in paragraph "20" not specifically admitted are denied.

21. Admitted in part and denied in part. Defendant admits that a final denial letter was issued on May 10, 2023. All allegations set forth in paragraph "21" not specifically admitted are denied. To the extent that paragraph "21" contains a statement of law rather than an averment of fact, no response is required.

22. Admits that Plaintiff purports to lay venue as stated therein.

23. Admitted in part and denied in part. Defendant admits that Plaintiff purports to proceed as stated therein. All allegations set forth in paragraph "23" of the Complaint not specifically admitted are denied. To the extent that paragraph "23" contains a statement of law rather than an averment of fact, no response is required.

24. Admitted in part and denied in part. Defendant admits that Plaintiff is a veteran of the Navy, and that on January 5, 2021, Plaintiff received treatment at the medical facility maintained by the Department of Veterans Affairs located in Pittsburgh, Pennsylvania. All allegations set forth in paragraph "24" of the Complaint not specifically admitted are denied.

25. Defendant admits that Plaintiff received post-surgery treatment at the Pittsburgh VA Medical Center until January 19, 2023. To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record. All allegations set forth in paragraph "25" not specifically admitted are denied.

26. Defendant admits that prior to his discharge from the Pittsburgh VA Medical Facility, Plaintiff was informed that a foreign body had been left inside Plaintiff's body following surgery. To the extent that Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record. All allegations set forth in paragraph "26" not specifically admitted are denied.

27. Denies the allegations as set forth in paragraph "27" of the Complaint.

28. Admits that, approximately two weeks after his surgery, Plaintiff was discharged from the Pittsburgh VA Medical Facility. All allegations set forth in paragraph "28" not specifically admitted are denied.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "29" of the Complaint; the allegations are therefore denied.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "30" of the Complaint; the allegations are therefore denied.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "31" of the Complaint; the allegations are therefore denied.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "32" of the Complaint; the allegations are therefore denied.

33. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "33" of the Complaint; the allegations are therefore denied.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "34" of the Complaint; the allegations are therefore denied.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "35" of the Complaint; the allegations are therefore denied.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "36" of the Complaint; the allegations are therefore denied.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "37" of the Complaint; the allegations are therefore denied.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "38" of the Complaint; the allegations are therefore denied.

39. Defendant denies that Dr. Cacciarelli oversaw or in any way controlled the care provided by Dr. Catalin Ezaru. To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the

content of the authenticated medical record.  All allegations set forth in paragraph "39" not specifically admitted are denied.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in paragraph "40" of the Complaint; the allegations are therefore denied.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "41" of the Complaint; the allegations are therefore denied.

42. Denies that Dr. Cacciarelli in any way controlled or oversaw the medical treatment provided by Dr. Catalin Ezaru.  All allegations set forth in paragraph "42" of the Complaint not specifically admitted are denied.

43. Denies the allegations as set forth in paragraph "43" of the Complaint.  To the extent that Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content, and specifically denies all allegations in the complaint inconsistent with the authenticated medical record.  All allegations set forth in paragraph "43" not specifically admitted are denied.

44. Defendant admits that Plaintiff purports to quote from a portion of his medical records.  To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record.   All allegations set forth in paragraph "44" not specifically admitted are denied.

45.     Defendant admits that Plaintiff purports to quote from a portion of his medical records.  To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record.   All allegations set forth in paragraph "45" not specifically admitted are denied.

46.     Defendant admits that Plaintiff purports to quote from a portion of his medical records.  To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record.   All allegations set forth in paragraph "46" not specifically admitted are denied.

47.     Denies that Dr. Cacciarelli or the United States vis-à-vis the Department of Veterans Affairs, was responsible for or in control of the medical care provided by Dr. Catalin Ezaru.  To the extent Plaintiff attempts to summarize the content of the medical record, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the complaint inconsistent with the content of the authenticated medical record.   All allegations set forth in paragraph "47" not specifically admitted are denied.  To the extent that paragraph "47" contains a statement of law rather than an averment of fact, no response is required.

48.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "48" of the Complaint; the allegations are therefore denied.

49. Denies that Dr. Cacciarelli or the United States vis-à-vis the Department of Veterans Affairs is responsible for the purported negligence of Dr. Catalin Ezaru. To the extent that paragraph "49" contains a statement of law rather than an averment of fact, no response is required.

50. Denies the allegations as set forth in paragraph "50" of the Complaint. To the extent that paragraph "50" contains a statement of law rather than an averment of fact, no response is required.

51. Denies the allegations as set forth in paragraph "51" of the Complaint. To the extent that paragraph "51" contains a statement of law rather than an averment of fact, no response is required.

52. Denies the allegations as set forth in paragraph "52" of the Complaint. To the extent that paragraph "52" contains a statement of law rather than an averment of fact, no response is required.

53. Denies the allegations as set forth in paragraph "53" of the Complaint. To the extent that paragraph "53" contains a statement of law rather than an averment of fact, no response is required.

54. Denies the allegations as set forth in paragraph "54" of the Complaint. To the extent that paragraph "54" contains a statement of law rather than an averment of fact, no response is required.

55. Denies the allegations as set forth in paragraph "55" of the Complaint.

56. Denies the allegations as set forth in paragraph "56" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

57. Admitted in part and denied in part. Defendant admits the Pittsburgh VAMC healthcare providers owed Plaintiff a duty of care consistent with relevant state law. All allegations set forth in paragraph "57" not specifically admitted are denied.

58. Admitted in part and denied in part. Defendant admits that defendant Thomas Cacciarelli owed Plaintiff a duty of care consistent with relevant state law. All allegations set forth in paragraph "58" not specifically admitted are denied.

59. Admitted in part and denied in part. Defendant admits that Dr. Catalin Ezaru owed Plaintiff a duty of care consistent with relevant state law. All allegations set forth in paragraph "59" not specifically admitted are denied.

60. Denies the allegations as set forth in paragraph "60" of the Complaint.

61. Denies the allegations as set forth in paragraph "61" of the Complaint.

62. Denies the allegations as set forth in paragraph "62" of the Complaint.

63. Denies the allegations as set forth in paragraph "63" of the Complaint.

## PRAYER FOR RELIEF

The unnumbered WHEREFORE paragraph that contains Plaintiff's demand for judgment and other relief requires no response, but insofar as a response is required, Defendant United States of America denies that this paragraph states a claim upon which relief can be granted and denies that Plaintiff is entitled to any such relief.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

The United States is not responsible or liable for any allegedly tortious acts or omissions committed by an agent or employee acting outside the scope of his employment.

## THIRD DEFENSE

The United States is not responsible or liable for any allegedly tortious acts or omissions committed by a contractor.

## FOURTH DEFENSE

The discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), bars some or all of plaintiff's claims because the acts or omissions alleged in the complaint involved elements of judgment or choice that were based on considerations of public policy.

## FIFTH DEFENSE

Any acts or omissions that may be found by the Court on the part of the United States did not, in fact cause, proximately cause, or otherwise contribute to Plaintiff's complained of damages.

## SIXTH DEFENSE

To the extent that plaintiff seeks damages in an amount greater than the amounts requested in his administrative tort claim, recovery of such amounts is barred by 28 U.S.C. § 2675(b).

## SEVENTH DEFENSE

To the extent that plaintiff seeks payment of attorney's fees in addition to their actual damages, the plaintiff's may not recover any such fees from the United States.

## EIGHTH DEFENSE

Sovereign Immunity, pursuant to 28 U.S.C. § 2674, bars any award of punitive or exemplary damages or any award of damages that is enhanced on the basis of aggravating

circumstances or conduct, or that otherwise exceeds the amount that would compensate plaintiff for his actual loss.

## NINTH DEFENSE

To the extent that plaintiff seeks prejudgment interest, recovery of prejudgment interest is barred by 28 U.S.C. § 2674.

## TENTH DEFENSE

To the extent that plaintiff seeks post-judgment interest, recovery of post-judgment interest is limited by 31 U.S.C. § 1304(b)(1)(A).

## ELEVENTH DEFENSE

Pursuant to 28 U.S.C. § 2402, any action filed under the Federal Tort Claims Act shall be tried without a jury.

## TWELFTH DEFENSE

Plaintiffs' recoverable damages, if any, are limited to the amount requested in their administrative tort claims. 28 U.S.C. § 2675(b).

## THIRTEENTH DEFENSE

The United States reserves the right to plead any affirmative defenses under the FTCA or Pennsylvania state law as they become known during the course of discovery and litigation.

WHEREFORE, defendant United States of America demands judgment dismissing Plaintiff's Complaint, and such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    ERIC G. OLSHAN
    United States Attorney

    */s/ Michael C. Colville*
    MICHAEL C. COLVILLE
    Assistant U.S. Attorney
    Western District of Pennsylvania
    Joseph F. Weis, Jr. U.S. Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7337
    Michael.Colville@usdoj.gov
    PA ID No. 56668

    *Counsel for Defendant*
    *United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2024, a true and correct copy of the foregoing *Answer on Behalf of Defendant United States of America* was served electronically, upon the following:

> Matthew J. Scanlon, Esquire
> Scanlon & Wojton, LLC
> 304 Ross Street, Suite 510
> Pittsburgh, PA 15219
> Matt@swlegalteam.com
>
> *Counsel for Plaintiff*

*/s/ Michael C. Colville*
MICHAEL C. COLVILLE
Assistant U.S. Attorney
